No. 2044.

## W. G. PAXTON ET AL. *v.* ABLE MEYER.

1. LIS PENDENS—ATTACHMENT—PURCHASE.—A purchaser of property covered by an attachment lien created by a suit in which he was not a party, who bought before the levy of the attachment, is not defeated by a sale under a judgment foreclosing that lien. But a purchaser after the levy of an attachment is a purchaser *pendente lite;* and in case the attachment lien be foreclosed by a judgment against an administrator which is

certified to the county court for observance, a sale under an order based upon that judgment and granted upon an application to which he was not a party, will conclude his right.

2. SAME—JUDGMENT AGAINST ADMINISTRATOR—PRACTICE.—Under the law of this State execution does not issue upon a judgment against an administrator, but it is certified to the county court for observance. The issues concluded by the judgment cannot be reopened in the county court, its duties being those in relation to classification and payment. Those proceedings are to be regarded as administrative, and a continuation of the original suit in which the judgment was rendered, so that purchasers after the institution of that suit are unnecessary and improper parties.

3. EVIDENCE.—Ordinarily the statement of a stranger concerning the validity of a title, made to a witness in a suit involving that title, is improper evidence; but it may be admissible upon a point other than the validity of title. See opinion.

4. LIMITATION—Limitation of three years is not available to a purchaser by and subsequent to the levy of an attachment upon the land. A subsequent sale under judgment of foreclosure, relating back to the levy of the attachment, divests the title acquired through the deed, and leaves the purchaser unconnected with the sovereignty of the soil.

APPEAL from Shelby. Tried below before the Hon. J. G. Hazlewood.

This was an action of trespass to try title. The trial resulted in a verdict and judgment for defendant, Able Meyer. The facts are stated in the opinion of the court.

*E. B. Wheeler* and *Drury Field*, for appellants, cited Flanagan v. Pearson, 61 Texas, 302; Briscoe v. Bronaugh, 1 Texas, 326; Poland v. Davenport, 50 Texas, 276.

*Booty & Young,* for appellee, cited 1 Greenleaf on Evidence, section 182; Davis v. Rankin, 50 Texas, 279; Morrow v. Morgan, 48 Texas, 304; Byler v. Johnson, 45 Texas, 518; Cryer v. Andrews, 11 Texas, 170; Lindsey v. Jaffray, 55 Texas, 626.

GAINES, ASSOCIATE JUSTICE. This is an action of trespass to try title, brought by appellants against appellee. Both parties claim under one Freeland, who was the original grantee of the land in controversy. Appellants set up a judgment against Freeland's administrator, enforcing an attachment lien on the land and a sale by the administrator, under an order of the district court sitting in probate, made in pursuance of that judgment.

Defendant claims under a deed from Freeland and wife, made to him in 1862, while the original suit in which the judgment enforcing the lien was pending. A copy of the judgment was offered in evidence, but the records of Shelby county having been burned, only parol testimony was offered as to the nature of the proceeding and the time of its filing. It was shown to have been instituted long before 1862, when appellee purchased, but as to the time the attachment was issued, the evidence was conflicting. The judgment was not finally rendered until 1870. Appellee was not made a party to the proceedings to sell the land, which was instituted in 1871. Under this state of case, the court below charged the jury in effect that if appellee was not made a party to the probate proceedings for the sale of the land, he was not affected by them, and was entitled to a verdict unless barred by the statute of limitations. This charge is assigned as error, and we think the assignment well taken. If appellee purchased before the attachment was levied, then it is clear that he acquired Freeland's title, and a sale under a judgment enforcing that lien (he not being a party to any of the proceedings) would not have divested his title, whether made through the instrumentality of the probate court or otherwise. But if the levy was made before his purchase, then he was a purchaser *pendente lite*, and his purchase was subject to the lien, and it was not necessary that he should have been made a party to the application for an order of sale in the probate court in order to conclude his claim. After the attachment was levied the suit proceeded in the district court to determine the question of the existence of the indebtedness and the validity of the attachment as against Freeland. If he took a deed to the land after this, then he took subject to the lien, and a judgment against Freeland was a judgment against him, and neither he nor Freeland's administrator could re-open the question in the probate court. But for the peculiar provisions of our probate system, execution would have issued from the district court, and the lien would have been made effectual by the action of the executive officer under that process. The law, however, requires a judgment against an administrator to be certified to the probate court. But this is for the purpose of classification and payment under the statute, and not for the purpose of giving an opportunity to re-open the litigation. In the absence of claims against the estate entitled to priority of payment out of the assets, it becomes the duty of the probate court not to adjudicate the questions of debt and lien, but simply

through its machinery to enforce the judgment of the district court; and to this extent its action would seem to be in its nature administrative rather than judicial. In no aspect can it be viewed as more than a continuation of the original suit in which the intervention of purchasers pending the original proceeding are neither necessary nor proper. The numerous authorities cited to show that one who has acquired title to, or lien upon land, before a suit to which he is not made a party, is not affected by the judgment rendered in such suit, are not applicable to the case before us. Appellants introduced evidence tending to show that an attachment had been sued out when appellee bought the land of Freeland in 1862, and although the testimony was conflicting upon the point, they had the right to have the question of fact submitted to the jury. The charge complained of virtually instructed the jury that it was not material whether the lien existed at the date of appellee's deed or not, and hence was prejudicial to appellants' rights, and is reversible error.

It is also assigned as error that the court permitted one Silas to testify, over the objection of appellants, that one Hill said that the title under which they claimed was not worth two and a half cents. It is true that, under ordinary circumstances, what Hill said about the title was not proper evidence in the case. But the facts testified to by the witness were that, after he went into possession of the land, under one Jo. Weaver, administrator of the estate of G. W. Weaver (under whom and under whose heirs appellants claim), he went to the former to get a title to the land, and that he referred him to Hill; that the witness went to Hill, and afterwards returned to Weaver and told him that Hill had said he would not give two and a half cents for his title, and that thereupon Weaver offered to give him a quit claim to the land for ten dollars, which he declined to accept. As throwing light upon the transactions between Weaver and Silas, and the nature of the latter's occupancy, and the question of the repudiation by the latter of his tenancy under the former, we think the evidence admissible to go to the jury for what it was worth.

It is also assigned as error that the court below erred in charging in substance that, if the jury found that Silas had repudiated his holding under appellants and those under whom they claim, and that they had notice of such repudiation, and that afterwards he went into possession under appellee and held for him for three years before the bringing of the suit, they would find for defendant. In our opinion, the defense of limitations was

not applicable to appellee's case. If the lien on the land enforced by the judgment of the district court had not attached at the date of his deed, he had the title by the conveyance itself; but if it had then attached, then the subsequent sale of the land in the enforcement of the attachment, by reason of its relation back to the date of the levy, divested the title he had acquired, and thereby left him unconnected with the sovereignty of the soil by any connective chain of conveyance.

If Freeland had himself conveyed to appellants (or those under whom they claim) before the date of his conveyance to the appellee, it is well settled that the latter could not claim the benefit of the statute of limitations of three years. (Brownson v. Scanlan, 59 Texas, 222; Long v. Brenneman, Id., 210, and cases there cited.) The principle in the case supposed and that before us would seem to be the same. We think the court erred in giving the instruction complained of.

On account of the errors pointed out in this opinion, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered December 7, 1886.