CITY NATIONAL BANK OF CORPUS CHRISTI v. MRS. NELLIE M. CRAIG ET AL.

No. 3698.   Decided December 20, 1923.

(257 S. W., 210.)

**1.—Attachment—Real Property—Lis Pendens Record—Innocent Purchaser.**

The mortgagee, for value and without notice, of real property upon which had been levied an attachment in suit against the mortgagor, acquired a lien on same superior to that of the plaintiff in attachment, where the latter had failed to file notice of his claim under article 6837, Rev. Stats. (Pp. 379-382).

**2.—Same—Common Law and Statutes.**

Under the doctrine of *lis pendens*, prior to our statutes thereon, the lien of an attachment levied on real property took precedence over the rights of a subsequent purchaser or lien holder, irrespective of the court from which it issued. By article 6858, Rev. Stats., Act of April 3, 1889, Laws, 21st Leg., p. 80) when levied on land in another county than that in which the suit was pending record of the attachment and levy in the county

where the land was situated was necessary in order to make it valid against subsequent purchasers or lien holders in good faith. Later the Act of April, 1905, Laws, 29th Leg., p. 316 (Rev. Stats., arts. 6838-6840) provided for a *lis pendens* record of actions for recovery of land or enforcement of liens thereon (which included attachment liens. Paxton v. Meyer, 67 Texas, 98). This gave constructive notice of such suit as against subsequent purchasers or lien holders. The purpose and construction of these statutes is considered, and it is held that in the absence of notice, actual or constructive, one acquiring a lien on the property in good faith takes priority therefor over the attachment lien. (Pp. 379-381).

### 3.—Same—Case Stated.

In a suit pending in Nueces County, attachment was levied on real estate of defendant therein on Aug. 11, 1917. On Aug. 28, 1917, the sheriff filed with the county clerk a copy of the writ and his return of levy. This was not entered by the clerk in the proper book, as required by article 6858, Rev. Stats., until Nov. 3, 1917. Meantime, Oct. 31, 1917, another, for valuable consideration and without notice of the attachment, and in the absence of any *lis pendens* notice of the attachment suit made in accordance with articles 6838, 6840, Rev. Stats., took a deed of trust on the property from the defendant in attachment. *Held* that the mortgagee's lien was superior to that of the attachment, and was properly ordered to be first satisfied out of the proceeds of the sale of the property. (Pp. 378-381).

### 4.—Statute—Record of Attachment Levy.

Under article 6858, Rev. Stats., constructive notice of the levy of an attachment on real property does not attach upon the filing by the officer with the county clerk of a copy of the attachment and of his levy, but only from the date of the entry of the same by the clerk upon the proper record. (Pp. 381, 382).

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Nueces County.

The Bank sued Mrs. Craig and others, and had attachment levied on her land. Niles H. Hand intervened claiming a superior lien on the land, which in the order for foreclosure and sale was directed to be first satisfied out of the proceeds. This was affirmed on appeal by the Bank, and it then obtained writ of error.

*E. B. Ward,* for plaintiff in error.

An attachment levied upon land in the county where the suit is pending need not be filed by the sheriff with the Clerk of the County Court in order to charge the world with notice thereof. Article 6858 of the Revised Statutes was brought forward in the re-codification of the Statutes in 1911, and is a registration statute, and the law in such cases is the same as in the year 1886. We have an affirmative statute to the effect that it need not be filed with the County Clerk in such cases to give notice of such levy. Article 6858, Revised Statutes; Bryan v. Sundberg 5 Texas p. 419; Woldert v. Nedderhart, 46 S. W., 378; Davis v. Farwell, 49 S. W., 657; Norvell v. Oury, 13 Texas, 31; Harris v. Leavitt, 16 Texas, 342; State v. Hutchins, 32 S. W., 315.

Even if it was required that the writ be filed for registration in case of land in the county where the suit is pending, the sheriff, in the case at bar, fully complied with the law by immediately depositing the writ and return with the Clerk of the County Court, which was done long before the execution of defendant in error's deed of trust, and the notice dated from the time it was deposited with the clerk, notwithstanding the clerk may have been negligent in not recording it at once. Rev. Stats., arts. 6858, 6790, 6791, 5617, 6840, Pope v. Beauchamp, 206 S. W., 930; Carlisle v. King, 133 S. W., 242; Throckmorton v. Price, 28 Texas, 606; Land & Cattle Co. v. Chisholm, 9 S. W., 479; Fitch v. Boyer, 51 Texas, 349.

Prior to the adoption of Article 268, Revised Statutes, it was not necessary to foreclose an attachment lien, and it now only provides for a foreclosure in certain cases, and makes it unnecessary to attempt to foreclose in certain courts, and, therefore, in practice it is not a suit involving the title to land, as contemplated in the lis pendens statute. Wallace v. Bogle, 66 Texas, 572, 2 S. W., 96.

When real property is attached it is in custodia legis, and it is not necessary for the court to cause any other constructive notice to be given than the constructive levy, by the sheriff who has possession of the property, and not the plaintiff, 6 C. J., Sec. 593, p. 311; 6 C. J., Sec. 607, p. 313.

*Kleberg, Stayton & North,* for defendant in error, Hand.

Before 1889 notice of attachments depended upon the doctrine of lis pendens: Tuttle v. Turner, 28 Texas, 756; Paxton v. Meyer, 67 Texas, 98; McGregor v. White, 15 Texas Civ. App., 303.

As to levies within the county of the suit, the Act of 1889 did not provide for notice, but left the doctrine of lis pendens undisturbed. Acts 1889, p. 80; Rev. Stats., Art. 6858; Davis v. Farwell Co., 49 S. W., 656; Scudder v. Cox, 35 Texas Civ. App., 416.

The Act of 1905, providing for lis pendens notice, included within its scope attachment suits and controlled pendente lite notice thereof. Act 1905, p. 316, Rev. Stats. Arts. 6837-6840; Simpkins on Equity, pp. 599-600; Tuttle v. Turner, 28 Texas, 759; Paxton v. Meyer, 67 Texas, 98; 23 C. J., 510; 1 Words & Phrases, 132; 1 C. J., 929; 6 C. J., 32; 1 R. C. L., 314; Bell v. Gaylord, 27 Pac., 494; Burke Simmons Co. v. Konz, 178 S. W. 587; Pope v. Beauchamp, 110 Texas, 271; Kuehn v. Kuehn, 242 S. W. 719.

It has been held that, even as to levies within the county of the suit, compliance with the Act of 1889 by recording copy of the return and certain data from copy of the writ does give notice and that that act became the method of giving notice of attachments: McDonald v. Miller, 90 Texas, 309; Holford v. Patterson, 240 S. W., 341.

The contention that mere *filing* of the copies of attachment and return are sufficient to give notice under the act is not sustained by the statute; and the authorities relied upon for it are controlled by express statutory provisions, safeguards and penalties which are not applicable to the attachment statute. Act 1889, p. 80, Rev. Stats., Art. 6858; Throckmorton v. Price, 28 Texas, 606; Land & Cattle Co. v. Chisholm, 9 S. W., 479; Fitch v. Boyer, 51 Texas, 349; Carlisle v. King, 122 S. W., 585; Carlisle v. King, 103 Texas, 620; Act May 12, 1846 (R. S., Arts. 6786-6791, etc); Rev. Stats., 6789, 6849, 6824, 5661, 6839-6840; Richie v. Griffiths, 1 Wash., 429; Bamberg v. Harrison, 89 S. C., 454.

There would be no reason in a statute that would give filing the effect of record in one county of the state and would withdraw that effect from the same operation in another county. Rev. Stats., Art. 6858.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This case presents a question of priority of liens on land.

The facts as disclosed by the conclusions of the trial court are as follows:

Plaintiff in error, the City National Bank of Corpus Christi, sued defendant in error, Mrs. Nellie M. Craig, to recover the amount of her two promissory notes, one in the principal sum of $5599, and one in the principal sum of $593.35, and on August 11, 1917, caused a writ of attachment to be issued and to be levied by the sheriff of Nueces County on certain lots in an addition to the City of Corpus Christi. On August 28, 1917, the sheriff filed with the county clerk of Nueces County a copy of the writ of attachment together with a copy of his return. On November 3, 1917, the county clerk entered in the proper book the names of the plaintiff and defendant in attachment, the amount of the debt, and the sheriff's return showing his levy.

No notice of the pendency of the attachment suit was filed under article 6837 R. S.

On October 31, 1917, defendant in error Mrs. Nellie M. Craig executed a deed of trust on some of the lots on which the writ of attachment had been levied, to secure a note in the principal sum of $2350, payable to the order of defendant in error Niles H. Hand. As part consideration for the execution of said note and deed of trust, defendant in error Hand surrendered to defendant in error Nellie M. Craig, and cancelled other and valuable securities for the indebtedness evidenced by the note. Defendant in error Hand in taking said note and deed of trust acted in good faith, without actual notice of the attachment lien.

On these facts, the District Court adjudged that the proceeds of sale of the lots to which both the attachment and the deed of trust liens had attached be first applied to the payment of the note secured

by the lien of the deed of trust; and, the judgment of the District Court was affirmed by the San Antonio Court of Civil Appeals. 233 S. W., 631.

The sole question for our determination is: was the attachment lien subordinate to the deed of trust lien, as decided by the District Court and Court of Civil Appeals?

Plaintiff in error contends: first, that all are chargeable with notice of the levy of an attachment on land situated in the county wherein the attachment suit is pending; and, second, that the mere filing by the sheriff, with the county clerk of the county in which the attachment suit is brought and the land is situated, of a copy of the attachment and of the return showing its levy is sufficient to give constructive notice of the attachment suit and levy.

Before the Act of 1889, being article 6858 R. S., became operative, a purchaser or lien-holder from or under a defendant in attachment always acquired his interest in, or lien upon, attached land subject to any decree of foreclosure which might be subsequently rendered in the attachment suit. This was the result of applying the doctrine of *lis pendens* to attachment suits. The *pendente lite* purchaser or lien-holder was held bound by the final judgment in the attachment suit in like manner and to the same extent as were the parties to the suit. Tuttle v. Turner, 28 Texas, 773; Paxton v. Meyer, 67 Texas, 98, 2 S. W., 817. The foundation of the rule of *lis pendens,* as more than once declared by the Supreme Court, was the public policy to put an end to litigation by making it impossible to defeat adjudications by alienations pending suit. Lee v. Salinas, 15 Texas, 497; Rippetoe v. Dwyer, 65 Texas, 707.

The rule of *lis pendens* was oppressive and unjust when it operated to divest title to real estate, or liens theron, acquired in good faith, for value, without notice, and in reliance on the records of the office maintained specially to disclose the status of land titles. The rule was signally oppressive when one was held bound as though he were a party to an attachment suit in a county other than, and remote from, that in which the land attached was situated. It was impossible by the exercise of any practicable degree of diligence for an intending purchaser or lien-holder to be assured that he could acquire a title to land or a lien thereon which might not be destroyed or impaired by an attachment levy. In order to remove harsh injustice in the operation of *lis pendens* in attachment suits as against certain *bona fide* purchasers and lien-holders the Act of 1889 was passed.

The Act authorized the giving of constructive notice of an attachment and of its levy by means of a record, in the office of the county clerk, open to ready examination with the aid of direct and reverse indices. Such notice was authorized of *every* attachment levy, whether made on land within or without the county of the attachment suit. Failure to make the record when the land levied on was in the county

wherein the attachment suit was pending did not relieve any purchaser or lien-holder from being bound by the final decree in the suit. For, when the attachment was levied on land in the county of the attachment suit, the Act left *lis pendens* to operate as before the passage of the Act. The Act introduced one other. change besides providing a method of giving notice of *all* attachment levies through the county clerk's records. This was to invalidate the attachment lien as to a *bona fide* purchaser or lien-holder where the attachment was levied on land in a county other than that wherein the attachment suit was brought, provided no record of the attachment and levy was made in the office of the county clerk. This result was accomplished by the following explicit provision: ''If the real estate levied upon is situated in any county other than the one in which the suit is pending, then, in case of failure to make the record aforesaid, the attachment lien shall not be valid against subsequent purchasers for value and without notice and subsequent lienholders in good faith.''

The terms of the Act repel the view that all the world must thereafter take notice of mere attachment levies. Instead, the Act recognized the necessity for providing a record in the county clerk's office as a means of furnishing *constructive notice* of such levies, though the Act also recognized the pre-existing prohibition, through the application of the doctrine of *lis pendens*, against alienations during the pendency of attachment suits, which prohibition was to continue save as against a specially favored class, viz: *bona fide* purchasers and lien-holders dealing with lands situated in a county other than that of the attachment suit, with no record in such other county of the character authorized by the Act.

In 1905, the Legislature further modified the common law rule of *lis pendens*, by adopting the Act carried into the Revised Statutes of 1911 as articles numbered 6837, 6838, 6839, and 6840. By this Act the pendency of any suit or action, legal or equitable, involving the title to real estate, or seeking to establish therein any legal or equitable estate, interest, or right, present or future, vested or contingent, or to enforce any lien, charge, or encumbrance against the same, shall not prevent effective transfers or encumbrances to a third party for a valuable consideration and without notice, actual or constructive, by a party to the suit, despite a subsequent decree for an adverse party, unless there has been filed with the county clerk of each county wherein the real estate or any part thereof is situated, a notice of the pendency of the suit, signed by the party filing same, his agent, or attorney, setting forth the number and style of the cause, the court in which pending, the names of the parties thereto, the nature of the suit, and a description of the land affected. The Act imposes the duty on the county clerk to record such notice in a book styled ''Lis Pendens Record,'' and to index same, direct and reverse, under the names of all parties. The Act undertakes no change in the doctrine

of *lis pendens* save in favor of transferees and encumbrancers, for a valuable consideration, *and without actual or constructive notice of the pending suit.* After the record was made which is prescribed by the Act of 1889, (Article 6858), no subsequent transferee or encumbrancer could acquire a superior right in land to that of an attaching creditor, under the Act of 1905, because his title or lien would necessarily be acquired with constructive notice of the attachment and its levy. If, however, the subsequent transfer or encumbrance was taken for a valuable consideration, and without actual or constructive notice of the attachment lien, then the Act of 1905 clearly means for such transfer or encumbrance to override the attachment lien. We have no doubt of the legislative intent that a suit in which an attachment has been levied on land shall be thereafter considered an action to enforce a lien against real estate. Paxton v. Meyer, 67 Texas, 98, 2 S. W., 817.

The court has carefully considered the question whether constructive notice, under the Act of 1889, dates from the time of filing a copy of the writ of attachment and of the sheriff's return in the office of the county clerk. If so, the attachment lien of plaintiff in error would take precedence over the deed of trust lien of defendant in error, Hand. We have concluded that the record to be made by the county clerk is essential to constructive notice. The Act imposes ministerial duties on both the sheriff and the county clerk. The plaintiff in attachment has his remedy to compel due performance of these duties. Not so with the stranger who may become a subsequent purchaser or encumbrancer. So, it seems not altogether inequitable for loss from failure to give notice of the attachment lien to fall on him who is at least partially at fault.

Whatever result might be reached from such considerations, an analysis of the terms of the Act of 1889 discloses the purpose to require the actual making of the specified record in order to charge others than parties with notice of the attachment. The statute says that in case of "failure to make *the record aforesaid,*" the attachment lien shall be invalid as against *bona fide* purchasers and lien-holders, as to the real estate levied upon, which is situated in any other county than the one in which the attachment suit is pending. So, the mere filing of the copy of the writ and levy does not give constructive notice of levies on lands without the county of the attachment suit. We cannot reasonably ascribe to the Legislature an intent to make certain acts essential to constructive notice in one county and not requisite in another county, when the same language is used in declaring what is to be done in *all* counties in order to give notice.

Our conclusions make it possible for an intending purchaser or encumbrancer to rely on what he would learn from an ordinarily prudent investigation. One ought to be held to know what can be ascertained from indices to records of conveyances and liens prescribed

by law. Such indices would disclose naught of anything done under the Act of 1889 in advance of the registry of the copy of the at-tachment and levy. The intent to charge one with notice of the contents of a filed instrument in the county clerk's office—unindexed and unrecorded—ought not to be ascribed to the Legislature unless quite plainly expressed.

Since the District Court and Court of Civil Appeals gave priority to the deed of trust lien over the attachment lien, the judgments of both courts were correct, and will therefore be affirmed.

*Affirmed.*