In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-21-00294-CV

IN THE INTEREST OF C.E.L. JR. AND S.O.L.

On Appeal from the County Court at Law
Orange County, Texas
Trial Cause No. C200227-D

## MEMORANDUM OPINION

After striking a petition in intervention filed by former foster parents J.S.G. and A.G. (collectively referred to as "Foster") for lack of standing, the trial court terminated the parental rights of D.M. and C.E.L. Sr. to their children, C.E.L. Jr. and S.O.L.[1] In this appeal, Foster argues the trial court erred by ruling they lacked standing to petition for termination and adoption under section 102.005(3) of the Texas Family Code. *See* Tex. Fam. Code Ann. § 102.005(3) ("An original suit

---

[1]We identify children and their family members in parental-rights termination cases by using an alias to protect the identity of the children. *See* Tex. R. App. P. 9.8(a), (b).

requesting only an adoption or for termination of the parent-child relationship joined with a petition for adoption may be filed by . . . an adult who has had actual possession and control of the child for not less than two months during the three-month period preceding the filing of the petition[.]").

**Background**

On March 26, 2020, the Department filed Trial Cause Number C200227-D, In the Interest of C.E.L. Jr., an Original Petition for Protection of a Child, For Conservatorship, and For Termination in Suit Affecting the Parent-Child Relationship. In the suit, the Department sought termination of the parental rights of D.M. and C.E.L. Sr. and appointment of the Department as sole managing conservator of C.E.L. Jr. The trial court adjudicated C.E.L. Sr. to be the father of C.E.L. Jr., on April 30, 2020.

On November 20, 2020, the Department filed Trial Cause Number C200696-D, In the Interest of S.O.L., an Original Petition for Protection of a Child, For Conservatorship, and For Termination in Suit Affecting the Parent-Child Relationship. In the suit, the Department sought termination of the parental rights of D.M. and C.E.L. Sr. and appointment of the Department as sole managing conservator of S.O.L. A supporting affidavit stated S.O.L. had been born the previous day and that he and his mother tested positive for methamphetamines.

On April 26, 2021, Foster filed an Original Petition in Intervention and for Termination of Parental Rights in Trial Cause Numbers C200227-D and C200696-D. In each case, Foster alleged standing as adults who have had actual possession and control of the child for not less than two months during the three-month period preceding the filing of the petition. *See* Tex. Fam. Code Ann. § 102.005(3). In each case, the Department moved to strike and dismiss the plea in intervention. The Department argued that Foster cannot maintain standing under section 102.005(3) because section 102.003(a)(12) grants standing specifically to foster parents of a child placed in their care for at least twelve months ending not more than 30 days before the filing of the petition. *Compare* Tex. Fam. Code. Ann. § 102.005(3), *with* § 102.003(a)(12). The Department further argued that section 102.005 did not apply because the Department, not Foster, had actual control of the child through a court-ordered temporary managing conservatorship. The Department maintained section 102.005 does not apply because the Department is seeking termination and conservatorship, not termination and adoption.

The trial court heard Fosters' motion in intervention on May 24, 2021. Foster admitted that because they had the children for less than 12 months they could not establish standing to file an original suit affecting the parent-child relationship under section 102.003(a)(12) of the Texas Family Code. They argued they established standing to file a suit for termination and adoption under section 102.005(3).

On July 8, 2021, the trial court signed orders striking the interventions and dismissing Foster as parties to the cases. On July 28, 2021, the trial court adjudicated C.E.L. Sr. to be the parent of S.O.L. On July 29, 2021, the trial court consolidated the two cases under Trial Cause Number C200227-D, styled In the Interest of C.E.L. Jr. and S.O.L. Foster sought mandamus relief in this Court. Since the trial court case was approaching the mandatory dismissal date, we denied the petition for a writ of mandamus without deciding whether the trial court had abused its discretion. *See In re J.S.G.*, No. 09-21-00252-CV, 2021 WL 4312983 (Tex. App.—Beaumont Sept. 23, 2021, orig. proceeding, mand. denied) (mem. op.).

The parents signed affidavits of voluntary relinquishment as to the two children. Based on those affidavits, on September 21, 2021, the trial court signed an order terminating the parental rights of D.M. and C.E.L. Sr. Foster appealed.

## Standing

The sole issue before this Court is whether Foster had standing under section 102.005(3) to intervene with a petition for termination and adoption. A Department caseworker, Addy Harris, testified that the Department placed C.E.L. Jr. with Foster from June 2020 through March 2021 and placed S.O.L. with Foster from November 2020 until March 2021. Foster filed petitions in intervention on April 26, 2021. Because it is undisputed that both children resided with Foster for not less than two months during the three-month period preceding the filing of the petition in

4

intervention, unless section 102.005(3) categorically excludes foster parents, Foster could establish standing to request termination and adoption if they could show they had actual possession and control of the children.

The Department argues the Legislature did not intend to convey standing to foster parents in section 102.005(3). "Standing, like other issues implicating a court's subject matter jurisdiction, is a question of law that we review de novo." *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018). "We analyze statutes 'as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded.'" *Id.* (quoting *Sommers for Alabama and Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017)). When we consider issues of statutory construction, "our objective is to determine and give effect to the Legislature's intent." *In re D.T.*, 625 S.W.3d 62, 71 (Tex. 2021) (evaluating section 107.013 of the Family Code). "We ascertain that intent from the language the Legislature used in the statute." *Id.* "If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the statute." *Id.* "We read the statute as a whole, giving meaning to the language consistent with other provisions in the statute." *Id.*

The Department argues that foster-family specific amendments to sections 102.003 and 102.004 of the Family Code demonstrate the Legislature's intent to exclude foster parents from section 102.005(3). Traditional principles of statutory

construction require a court to effectuate the Legislature's intent by giving effect to every word, clause and sentence. *Hogan v. Zoanni*, 627 S.W.3d 163, 169 (Tex. 2021).

The Legislature enacted a statute that confers on certain persons general standing to file an original suit affecting the parent-child relationship ("SAPCR"). *See* Tex. Fam. Code Ann. § 102.003. The Legislature first conferred general standing to file a SAPCR on foster parents in 1997. Act of May 19, 1997, 75th Leg., R.S., ch. 575, § 3, 1997 Tex. Gen. Laws 2012, 2012-13 (codified at Tex. Fam. Code Ann. § 102.003(a)(12)). Subsection 102.003(a)(12) allowed a SAPCR to be filed by a foster parent of a child placed by the Department in the person's home for at least 18 months (subsequently shortened to 12 months) ending not more than 90 days preceding the filing of the petition. In 1999, the Legislature amended the general standing statute to distinguish foster parents from other persons who have had actual care, control, and possession of a child. Act of May 30, 1999, 76th Leg., R.S., Ch. 1390, § 2, 1999 Tex. Gen. Laws 4696, 4696-97 (codified at Tex. Fam. Code Ann. 102.003(a)(9), (12)). The Waco Court of Appeals interpreted subsections (9) and (12) to require a person to use time exclusive of time as a foster parent to establish the "actual care, control, and possession of the child" for six months under subsection (9). *In re Torres*, 614 S.W.3d 798, 803 (Tex. App.—Waco 2020, orig. proceeding). That construction gave effect to both subsections of 102.003(a), one

6

that expressly conferred general standing to file a SAPCR on foster parents and one that expressly excluded them. *Id.*

In 2003, the Legislature amended the general standing statute codified at section 102.003 of the Family Code to add subsection (c), which provides:

> Notwithstanding the time requirements of Subsection (a)(12), a person who is the foster parent of a child may file a suit to adopt a child for whom the person is providing foster care at any time after the person has been approved to adopt the child. The standing to file suit under this subsection applies only to the adoption of a child who is eligible to be adopted.

Act of May 22, 2003, 78th Leg., R.S., Ch. 573, § 1, 2003 Tex. Gen. Laws 1943 (codified at Tex. Fam. Code Ann. § 102.003(c)). Thus, a foster parent may file a suit to adopt their foster child any time after being approved to adopt a child who is eligible for adoption. *See id.* It should be noted that section (c) is not a specific standing section within the general standing to file suit under 102.003, but an exception to subsection (12). However, section (c) was not applicable to Foster when they filed their petitions for intervention, because at that time Foster had not been approved to adopt either child nor was either child eligible to be adopted.

A separate section in Chapter 102 allows specific standing for certain persons to file a suit for managing conservatorship and allows a trial court to grant leave to intervene to seek possessory or managing conservatorship in a pending SAPCR. *See* Tex. Fam. Code Ann. § 102.004. In 2017, the Legislature amended section 102.004 to limit the trial court's power to allow an intervention by a foster parent only if the

foster parent meets the standing requirement to file an original suit under section 102.003(a)(12). *See* Act of May 19, 2017, 85th Leg., R.S., ch. 341, § 1, 2017 Tex. Sess. Law Serv. 986 (codified in Tex. Fam. Code Ann. § 102.004(b), (b-1)).

In addition to the statute addressing general standing to file a SAPCR, in the 1995 recodification of the Texas Family Code, section 102.005 conferred on certain persons specific standing to petition specifically for adoption or for termination and adoption. *See* Act of April 6, 1995, 74th Leg., R.S., Ch. 20, § 1, 1995 Tex. Gen. Laws 113, 125 (codified at Tex. Fam. Code Ann. § 102.005). The Legislature amended section 102.005 in 2007 to add standing for "an adult who has adopted, or is the foster parent of and has petitioned to adopt, a sibling of the child[.]" *See* Act of May 28, 2007, 80th Leg., R.S., Ch. 1406, § 3, 2007 Tex. Gen. Laws 4814, 4815. The persons granted standing to petition for termination and adoption in the current version of section 102.005 include:

> (1) a stepparent of the child;
> (2) an adult who, as the result of a placement for adoption, has had actual possession and control of the child at any time during the 30-day period preceding the filing of the petition;
> (3) an adult who has had actual possession and control of the child for not less than two months during the three-month period preceding the filing of the petition;
> (4) an adult who has adopted, or is the foster parent of and has petitioned to adopt, a sibling of the child; or
> (5) another adult whom the court determines to have had substantial past contact with the child sufficient to warrant standing to do so.

*See* Tex. Fam. Code. Ann. § 102.005. The Legislature addressed adoption placements and foster parents in some subsections of section 102.005, but the Legislature neither limited subsection (3) to exclude foster parents nor made the other subsections exclusive means through which a foster parent could petition for termination and adoption.

In 2009, the Amarillo Court of Appeals held that foster parents could file a petition for termination and adoption under section 102.005(3) and that the foster parents did not lack the requisite control of the child by virtue of their status as a non-adoptive contract placement. *In re J.H.M.*, No. 07-07-0109-CV, 2009 WL 5174364, at * 4 (Tex. App.—Amarillo Dec. 29, 2009, no pet.) (mem. op.). Since that case was decided, the Legislature has amended section 102.005 to allow a foster parent of one child to petition to adopt the foster child's sibling but has not chosen to exclude foster parents from the standing provision of section 102.005(3).

Since a person's standing to intervene is generally commensurate with that person's right to file an original lawsuit, a party who has standing to file an original suit under section 102.005 may also file an intervention under that same statute. *In re Y.J.*, No. 02-19-00235-CV, 2019 WL 6904728, at *5-6 (Tex. App.—Fort Worth Dec. 19, 2019, pet. denied) (mem. op.). Section 102.005(3) allows a person to seek termination and adoption if the person is an adult who has had actual possession and control of the child for not less than two months during the three-month period

preceding the filing of the petition. Tex. Fam. Code Ann. § 102.005(3). A person's actual possession and control of a child refers to sharing a principal residence with the child, providing for the child's daily physical and psychological needs, and exercising guidance, governance, and direction similar to that typically exercised on a day-to-day basis by parents with their children. *H.S.*, 550 S.W.3d at 160 (interpreting "actual care, control, and possession" in section 102.003(a)(9)).

We sustain the sole issue presented in this appeal. Since the appellants established standing to petition to adopt C.E.L. Jr. and S.O.L., we hold that the trial court erred by granting the Department's motion to strike and by dismissing the petitions in intervention filed by J.S.G. and A.G. We affirm that part of the trial court's judgment that terminated the parental rights of D.M. and C.E.L. Sr. to C.E.L. Jr. and S.O.L. We reverse the trial court's judgment and remand the case for a new trial on the petitions for adoption.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on December 27, 2021
Opinion Delivered March 3, 2022

Before Golemon, C.J., Kreger and Johnson, JJ.