# IN THE SUPREME COURT OF TEXAS

No. 19-0533

PATIENTS MEDICAL CENTER, PETITIONER,

v.

FACILITY INSURANCE CORPORATION, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE THIRD DISTRICT OF TEXAS

**Argued October 27, 2020**

JUSTICE LEHRMANN delivered the opinion of the Court.

This administrative appeal arises out of a medical fee dispute between a health care provider and a worker's compensation insurance carrier over the proper amount of reimbursement for services rendered to a covered patient. The provider initiated a dispute resolution proceeding with the Texas Department of Insurance, Division of Workers' Compensation (the Division), which determined that the provider was entitled to more than the carrier deemed due and ordered the carrier to pay the additional amount. Dissatisfied with the Division's decision, the carrier requested a contested case hearing before the State Office of Administrative Hearings (SOAH), which reached the same conclusion as the Division. The issue presented here is whether the Administrative Law Judge (ALJ) who heard the case at SOAH erred in placing the burden of proof on the carrier at that hearing. The court of appeals agreed with the carrier that the burden belonged

with the provider and remanded the case to SOAH for further proceedings. We disagree and hold

that the ALJ properly applied the Division's rules in allocating the burden of proof. Accordingly,

we reverse the court of appeals' judgment.

## I. Overview of Medical Fee Dispute Resolution

The Texas Worker's Compensation Act entitles an employee who sustains a compensable

injury to all health care reasonably required by the nature of the injury as and when needed. TEX.

LAB. CODE § 408.021(a). The Act tasks insurance carriers with making "appropriate payment of

charges for medical services provided under [the Act]" and contains numerous requirements

governing carriers' payment of claims submitted by health care providers. *Id.* §§ 413.015(a); *see*

*also id.* § 408.027. As relevant here, a health care provider who is "denied payment or paid a

reduced amount for [a] medical service rendered" is entitled to a review of the service by the

Division. *Id.* § 413.031(a)(1). The Division's "role" in that context is to "resolv[e] disputes over

the amount of payment due for services determined to be medically necessary and appropriate for

treatment of a compensable injury" and to "adjudicate the payment given the relevant statutory

provisions and commissioner rules." *Id.* § 413.031(c).

The Division's administrative rules outline the medical fee dispute resolution (MFDR)

prerequisites and procedures. The process is triggered when a request for MFDR is filed with the

Division. 28 TEX. ADMIN. CODE § 133.307(c).[1] Both the requestor and the respondent then submit

a plethora of information and documents to the Division. *Id.* § 133.307(c)(2), (d)(2). The Division

---

[1] With limited exceptions not relevant here, a request for MFDR must be filed no later than one year after the date of service. 28 TEX. ADMIN. CODE § 133.307(c)(1)(A).

2

"review[s] the completed request and response to determine appropriate MFDR action" and issues a decision. *Id.* § 133.307(f).

If the dispute "remains unresolved" after the above-described review, a party may request a nonadversarial benefit review conference. TEX. LAB. CODE §§ 413.031(k), .0312(a)–(b); *see also id.* § 410.024. Barring a party's timely request for such a conference, however, the Division's MFDR decision is final. 28 TEX. ADMIN. CODE § 133.307(g). If the benefit review conference is unsuccessful, the party is entitled to a contested case hearing before SOAH, to be conducted pursuant to the Administrative Procedure Act. TEX. LAB. CODE § 413.0312(d), (e); *see also* 28 TEX. ADMIN. CODE § 133.307(g)(1) (requiring a party seeking review of an MFDR decision to request a benefit review conference), (g)(2) (following an unsuccessful benefit review conference, a party may "appeal the MFDR decision by requesting a contested case hearing").[2] Finally, a "party who has exhausted all administrative remedies" and "is aggrieved by a final decision of [SOAH] may seek judicial review of the decision." TEX. LAB. CODE § 413.031(k-1). The Division is not considered to be a party to the dispute for purposes of the contested case hearing and the judicial-review proceeding. *Id.* § 413.031(k-2).

## II. Factual and Procedural Background

In 2009, Patients Medical Center requested preauthorization from Facility Insurance Corporation, a worker's compensation insurance carrier, to perform surgery on a covered patient. Facility issued a preauthorization letter, and the surgery was performed on September 23, 2009.

---

[2] Under the prior version of the Act and corresponding rules applicable to this case, a benefit review conference was not a prerequisite to a contested case hearing. Act of May 29, 2005, 79th Leg., R.S., ch. 265, § 3.245, 2005 Tex. Gen. Laws 469, 553, *amended by* Act of May 29, 2011, 82d Leg., R.S., ch. 1162, § 18, 2011 Tex. Gen. Laws 3010, 3015; *see also* TEX. ADMIN. CODE § 133.307(f) (2008) (authorizing a party to "seek review of the [MFDR] decision" by requesting a contested case hearing), *amended by* 37 Tex. Reg. 3833, 3834 (2012). The added step of participation in a benefit review conference is immaterial to our analysis of the issue presented.

On September 30, Patients sent Facility a bill for its services in the amount of $94,640.48, identifying the corresponding billing codes. Facility determined that most of the billed charges exceeded the scope of the preauthorization. With respect to the remaining "allowable" charges, Facility determined that it was responsible for only 92% of those charges pursuant to an informal network contract (between Patients and another insurer) from which Facility was entitled to benefit. Based on those conclusions, Facility paid Patients a total of $2,354.75. Facility denied Patients' request for reconsideration. *See* 28 TEX. ADMIN. CODE § 133.250(a) (allowing a health care provider "dissatisfied with the insurance carrier's final action on a medical bill" to request that the carrier reconsider its action).

On April 19, 2010, Patients sent Facility a "corrected bill" adjusting the billing codes. Facility denied any additional reimbursement on the ground that the second bill constituted an untimely claim for payment. *See* TEX. LAB. CODE § 408.027(a) (requiring claims for payment to be submitted to the carrier "not later than the 95th day after the date on which the health care services are provided to the injured employee").

On September 23, 2010, Patients submitted a request for MFDR to the Division. After reviewing the parties' written submissions and documentation, the dispute resolution officer issued the Division's "Findings and Decision." The officer found that the services rendered were not subject to a contractual fee arrangement[3] and ultimately concluded that the total reimbursable amount for the preauthorized services under applicable Division rules and fee guidelines was $22,850.53, resulting in an additional reimbursement of $20,495.78 due to Patients. The Division

---

[3] The officer concluded that Facility failed to comply with certain notice requirements that would have entitled it to pay the claim at a contracted fee. *See* 28 TEX. ADMIN. CODE § 133.4(c), (g).

4

notified the parties of their right to "appeal this decision by requesting a contested case hearing" at SOAH. Facility did so,[4] and each party was instructed to submit to SOAH a copy of all documents it had submitted to the dispute resolution officer along with "any other documents the party might offer into evidence."

After a hearing, the ALJ issued its decision, resolving three issues that Facility had raised in arguing its initial reimbursement amount was correct. First, Facility argued that Patients' original timely claim for payment, which was the subject of the MFDR proceeding, did not qualify as a "complete medical bill"[5] under the Division's rules and that Patients thus could not seek additional reimbursement from the Division. *See* 28 TEX. ADMIN. CODE § 133.240(a) (requiring a carrier to take timely final action "after conducting bill review on a complete medical bill"). The ALJ disagreed, concluding that the initial bill "was a complete medical bill that contained an incorrect procedure code" and that the Division thus "had authority to consider [Patients'] request for additional reimbursement." Second, the ALJ concluded that Facility, the party that had requested the contested case hearing, bore the burden of proof at that hearing. Third, the ALJ held that the medical procedures Patients performed were within the scope of Facility's preauthorization. The ALJ accordingly concluded that Facility "failed to carry its burden of proving that Patients Medical Center was not entitled to $20,495.78 in additional reimbursement" and ordered payment of that amount, plus interest.

---

[4] As noted, the Labor Code did not require a benefit review conference as a step in the dispute resolution process at that time. Accordingly, the parties did not participate in such a conference.

[5] A "complete medical bill" is a "medical bill that contains all required fields as set forth in the billing instructions for the appropriate form specified in [the corresponding Division rule]." *Id.* § 133.2(4).

Having exhausted its administrative remedies, Facility filed a petition for judicial review of SOAH's decision. The trial court affirmed, holding that the ALJ's order was supported by substantial evidence. *See* TEX. GOV'T CODE § 2001.174 (providing for substantial-evidence review of a decision in a contested case if the law authorizing judicial review of the decision "does not define the scope" thereof). Facility appealed, raising five issues. The court of appeals addressed only one,[6] holding that the ALJ erred in placing the burden of proof on Facility at the SOAH hearing and that this "legal and procedural error prejudiced [Facility's] substantial rights." 574 S.W.3d 436, 443–44 (Tex. App.—Austin 2018). The court thus reversed the trial court's judgment and remanded the case to the Division for further proceedings. *Id.* at 444; *see* TEX. GOV'T CODE § 2001.174(2)(C), (D) (requiring reversal of an agency order if a party's substantial rights have been prejudiced because the agency's findings are made through unlawful procedure or are affected by other error of law). We granted Patients' petition for review.[7]

### III. Discussion

Like the court of appeals, we reach only one issue: whether the ALJ erred in placing the burden of proof on Facility at the contested case hearing. Unlike the court of appeals, we hold that the ALJ's determination regarding the burden of proof was correct.

The pertinent SOAH rule provides that "[i]n determining which party bears the burden of proof, the [ALJ] shall first consider the applicable statute, the referring agency's rules, and the

---

[6] The court of appeals did not address: (1) whether the ALJ erred in failing to apply a contractual fee rate; (2) whether Patients failed to submit a timely, complete medical bill; (3) whether Patients waived its entitlement to MFDR by failing to request reconsideration of Facility's denial of the "corrected bill"; and (4) whether the ALJ incorrectly determined Patients' entitlement to and the amount of reimbursement. 574 S.W.3d 436, 441 (Tex. App.—Austin 2018).

[7] Amicus briefs in support of the petition were submitted by the Division, Texas Orthopaedic Association, and Texas Medical Association.

referring agency's policy in accordance with §155.419 of this chapter." 1 TEX. ADMIN. CODE § 155.427.[8] The "applicable statute" governing review of medical fee disputes is silent on who bears the burden of proof in a contested case hearing following the Division's initial MFDR decision. *See* TEX. LAB. CODE §§ 413.031(k), .0312(e). We thus turn to the Division's administrative rules, which place the burden of proof in such a hearing on "the party seeking relief." 28 TEX. ADMIN. CODE § 148.14(b). The parties disagree about the proper application of that rule under the circumstances presented, in which the provider initiated the administrative process by requesting MFDR but the carrier, dissatisfied with the Division's decision, continued the process by requesting a contested case hearing.[9]

The ALJ concluded that "the party seeking affirmative relief from the agency decision" has the burden of proof in an MFDR contested case hearing at SOAH. Accordingly, the ALJ held that Facility, the party that requested the hearing to challenge the Division's MFDR decision, bore the burden of proof at that hearing. The court of appeals disagreed and held that the party "seeking relief" at SOAH is the provider irrespective of which party has challenged the Division's initial decision, concluding: "The SOAH hearing comprises, essentially, yet another step in the statutorily prescribed process *initiated by a provider* via its filing of an administrative dispute with the

---

[8] The rule goes on to list additional factors that the ALJ "may [also] consider," including:

    (1)   the status of the parties;

    (2)   the parties' relative access to and control over information pertinent to the merits of the case;

    (3)   the party seeking affirmative relief;

    (4)   the party seeking to change the status quo; and

    (5)   whether a party would be required to prove a negative.

1 TEX. ADMIN. CODE § 155.427.

[9] The standard of proof in a contested case is preponderance of the evidence. 28 TEX. ADMIN. CODE § 148.14(e).

7

Division on its claim for reimbursement after being denied payment by a carrier." 574 S.W.3d at 442–43 (emphasis in original). We agree with the ALJ.

We interpret administrative rules using the same principles we apply when construing statutes. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011). That is, we strive to give effect to the promulgating agency's intent, "which is generally reflected in the [rules'] plain language." *Zanchi v. Lane*, 408 S.W.3d 373, 376 (Tex. 2013). Further, administrative rules, like statutes, should be analyzed "as a cohesive, contextual whole." *Sommers for Ala. & Dunlavy, Ltd. v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017).

The court of appeals took a static view of the parties' positions during the administrative phase of the proceeding to hold that the provider, as the party who initiates the MFDR process to determine the proper reimbursement amount, is "the party seeking relief" throughout that process until SOAH reaches a final decision. 574 S.W.3d at 443. But the Division's rules, considered as a contextual whole, do not support that view. Instead, the rules characterize the party requesting a contested case hearing as the party "seek[ing] review" of and "appeal[ing]" the MFDR decision. 28 TEX. ADMIN. CODE § 133.307(g)(1)–(2). Thus, the identity of "the party seeking relief" depends not on who initially requested MFDR but on who requested relief *at SOAH*.

This conclusion is consistent with our precedent, in which we have described the process for resolving medical fee disputes as follows:

> [C]arriers do not make the final determination of the fees for disputed claims. If a carrier and a provider disagree on the reimbursement amount, TWCC [the Division's predecessor agency], not the carrier, makes the decision on the proper payment, subject to review. Any party that is not satisfied with the outcome may continue the review process through SOAH and then the courts.

8

*Tex. Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 656–57 (Tex. 2004) (internal citations omitted). Applying that reasoning here, the Division, not Facility, made the decision on the proper reimbursement amount in this medical fee dispute. Patients was satisfied with that outcome, but Facility was not and sought review of the decision by requesting a contested case hearing. Accordingly, Facility was "the party seeking relief." 28 TEX. ADMIN. CODE § 148.14(b).[10]

The court of appeals faulted the ALJ for assigning the burden of proof in a manner that required Facility to "prove a negative": that Patients "[was] not entitled to $20,495.78 in additional reimbursement." 574 S.W.3d at 443. According to the court, this "rendered the legislature's grant of a contested-case hearing to [Facility] useless" because the "ALJ may simply uphold the decision of the [dispute resolution officer] on the basis of the [officer's] decision itself." *Id.* at 444.

In our view, the court of appeals arrived at that conclusion by disregarding the analysis the ALJ conducted in order to reach his ultimate finding regarding the proper reimbursement amount. As noted, aside from the burden-of-proof issue, the ALJ addressed two other substantive issues that *Facility* raised: whether Patients submitted a timely, complete medical bill to Facility for payment and whether the procedures Patients performed exceeded the scope of preauthorization.[11]

---

[10] We note that the preamble to Rule 148.14, published in the Texas Register when the rule was adopted, similarly describes the "party seeking relief" as the party who "seeks to change the result of an initial medical dispute decision." 30 Tex. Reg. 3237, 3241 (2005). The Division's statement regarding its own interpretation of the rule is thus consistent with the language it chose. *See Rodriguez v. Serv. Lloyds Ins. Co.*, 997 S.W.2d 248, 254–55 (Tex. 1999) (explaining that the Texas Register is "[o]ur best source of the [agency's] intent" but that an agency may not decline to "follow the clear, unambiguous language of its own regulation").

[11] Facility argues, and the court of appeals noted, that Facility raised other issues the ALJ did not specifically address, including whether the Division's dispute resolution officer miscalculated the reimbursement amount under applicable fee guidelines. 574 S.W.3d at 441 n.5. The Division contrastingly asserts in its amicus brief that Facility did not challenge the Division's application of its fee guidelines. That is a matter for the court of appeals to address on remand if necessary.

In evaluating those issues, the ALJ considered all evidence presented at the contested case hearing, not just the documents that had been submitted to the Division. Further, the ALJ's analysis reflects no deference to the dispute resolution officer's findings or reliance on their accuracy. That is, there is no indication that the ALJ inferred from the existence of the Division's findings that those findings were correct.[12] Rather, based on his review of the evidence and resolution of Facility's own issues against it, the ALJ ultimately concluded that Facility had failed to meet its burden of showing that Patients was not entitled to the additional reimbursement amount ordered by the Division. We fail to see how placement of the burden of proof on the party seeking review of the Division's decision rendered that review meaningless.

Finally, Facility references a series of statutes and cases that purportedly support placing the burden of proof on the provider in medical fee disputes at SOAH. The cited authorities, however, speak to the parameters of judicial review of a final agency decision. *See, e.g.*, TEX. GOV'T CODE § 2001.173 (describing the standard by which a trial court reviews a decision in a contested case hearing when the manner of review authorized is by trial de novo); TEX. LAB. CODE §§ 410.301(a), .303 (placing the burden of proof on "[t]he party appealing the decision" in a suit for judicial review of a final agency determination regarding income or death benefits in the worker's compensation context).[13] They are thus irrelevant to the issue at hand, which relates to

---

[12] Facility complains of its inability to cross-examine the dispute resolution officer who issued the initial decision. But the officer was not a "witness," and the decision was not "evidence"; it was a "decision on the proper payment, subject to review." *Patient Advocates of Tex.*, 136 S.W.3d at 656.

[13] *See also, e.g.*, *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 543 (Tex. 2016) (noting that when condemnation proceedings progress from the administrative phase to the judicial phase, the administrative proceedings "are ignored" and the case is tried like any other); *Key W. Life Ins. Co. v. State Bd. of Ins.*, 350 S.W.2d 839, 846 (Tex. 1961) (holding that, on judicial review of an agency's decision, the trial court is "without authority to substitute a nonstatutory standard for that prescribed by the statute").

the procedures and burdens governing an administrative contested case hearing, not the procedures and burdens governing judicial review of the decision resulting from that hearing.

## IV. Conclusion

We hold that in a worker's compensation medical fee dispute resolution proceeding, the burden of proof in a contested case hearing before SOAH is on the party seeking review of the Division's initial MFDR decision. Accordingly, the court of appeals erred in holding that the burden always and necessarily remains on the provider. The parties invite us to consider other briefed issues that the court of appeals did not reach, but we decline to do so. We reverse the court of appeals' judgment and remand the case to that court to consider Facility's unaddressed issues.

_____

Debra H. Lehrmann
Justice

**OPINION DELIVERED:** January 29, 2021

11