**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-23-00189-CV**

**IN RE LA GRANGE ACQUISITIONS, LP, LONESTAR NGL FRACTIONATORS, LLC, ENERGY TRANSFER GC NGL FRACTIONATORS, LLC, LONESTAR NGL MONT BELVIEU, LP, ENERGY TRANSFER MONT BELVIEU NGLS LP, AND ENERGY TRANSFER PARTNERS L.P.**

**Original Proceeding**
**172nd District Court of Jefferson County, Texas**
**Trial Cause No. E-209413**

**MEMORANDUM OPINION**

Relators La Grange Acquisitions, LP, Lonestar NGL Fractionators, LLC, Energy Transfer GC NGL Fractionators, LLC, Lonestar NGL Mont Belvieu, LP, Energy Transfer Mont Belvieu NGLs LP, and Energy Transfer Partners L.P., (collectively, "Energy Transfer") joined by David C. Alexander, seek a writ of mandamus directing the trial court to grant Energy Transfer leave to designate the

Texas Department of Transportation ("TxDOT") as a responsible third party. Although Energy Transfer filed a motion for leave to designate before the statute of limitations expired, the Real Parties in Interest—Irma Hernandez, Individually and as next friend of C.R.H., Sara Barbosa and Darrell Barbosa,—argue the trial court acted within its discretion by denying leave to designate because Energy Transfer failed to identify TxDOT as a potential responsible third party in the initial disclosures that they served on the Barbosas before the six-month notice period for claims brought under the Tort Claims Act expired. We conditionally grant mandamus relief.

Three consolidated lawsuits arose from a January 13, 2022, accident between a motor vehicle operated by David Alexander and a motor vehicle operated by Irma Hernandez.[1] Sara Barbosa was a passenger in Hernandez's vehicle. Energy Transfer served their initial disclosures on the Barbosas on June 27, 2022, less than six months after the accident, and in those disclosures identified Irma Hernandez as a person who may be designated as a responsible third party.

---

[1] The lawsuits are: (1) *David Alexander v. Irma Hernandez*, filed March 2, 2022; (2) *Sara Barbosa and Darrell Barbosa v. LaGrange Acquisitions LP, Lonestar NGL Fractionators LLC, Energy Transfer GC NGL Fractionators LLC, Lonestar NGL Mont Belvieu LP, Energy Transfer Mont Belvieu NGLs LP and David C. Alexander*, filed April 28, 2022; and (3) *Irma Hernandez, Individually and as next friend of C.R.H. v. David C. Alexander and Lone Star NGL Fractionators LLC*, filed June 15, 2022. The trial court signed an order consolidating the suits into the first-filed suit on August 16, 2022.

On February 17, 2023, Energy Transfer filed a motion for leave to designate TxDOT as a Responsible Third Party. Barbosa and Hernandez objected on the ground that section 33.004(d) of the Civil Practice and Remedies Code prohibited the designation. They asserted Energy Transfer had an adequate opportunity to identify TxDOT as a potential responsible third party in the initial disclosures they served on the Barbosas approximately two weeks before the period for providing notice of a claim under section 101.101 of the Tort Claims Act expired on July 13, 2022.

## Mandamus Standard

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Walker*, 827 S.W.2d at 839 (internal quotations omitted). A trial court also abuses its discretion if it fails to correctly analyze or apply the law, because a trial court has no discretion in determining what the law is or applying it to the facts. *See In re Prudential*, 148 S.W.3d at 135. "Allowing a case to proceed to trial despite erroneous denial of a responsible-third-party designation would skew the proceedings, potentially affect the outcome of the

3

litigation, and compromise the presentation of [the relator's] defense in ways unlikely to be apparent in the appellate record." *In re Coppola*, 535 S.W.3d 506, 509 (Tex. 2017) (orig. proceeding) (internal quotations omitted). Ordinarily, "mandamus relief is available to rectify the erroneous denial of a party's timely filed motion to designate a responsible third party." *In re Mobile Mini, Inc.*, 596 S.W.3d 781, 788 (Tex. 2020) (original proceeding).

## Statutory Construction

"The meaning of a statute is a legal question, which we review *de novo* to ascertain and give effect to the Legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009). When possible, we discern legislative intent from the plain meaning of the words chosen. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). We analyze statutes "as a cohesive, contextual whole, accepting that lawmaker-authors chose their words carefully, both in what they included and in what they excluded." *Sommers v. Sandcastle Homes, Inc.*, 521 S.W.3d 749, 754 (Tex. 2017). We consider the words in a statute in the context in which they are used, not in isolation. *Silguero v. CSL Plasma, Inc.*, 579 S.W.3d 53, 59 (Tex. 2019). "Where statutory text is clear, that text is determinative of legislative intent unless the plain meaning of the statute's words would produce an absurd result." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012).

4

Section 33.004(d)

Energy Transfer argues their motion for leave to designate TxDOT as a responsible third party cannot be denied for non-compliance with section 33.004(d) of the Civil Practice and Remedies Code because the applicable statute of limitations has not expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d) ("A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action *after the applicable limitations period on the cause of action has expired* with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.") (emphasis added). A suit for personal injury must be filed within two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003. Energy Transfer filed its motion for leave to designate TxDOT as a responsible third party less than two years after the accident.

Barbosa and Hernandez argue that two limitations periods apply to section 33.004(d): (1) the two-year limitations period for filing tort claims; and (2) the six-month notice requirement for filing claims against a governmental unit. *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 16.003, *with* § 101.101(a) ("A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice

5

must reasonably describe: (1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident."). We disagree. "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code Ann. § 311.034. Thus, the notice procedure found in section 101.101(a) of the Civil Practice and Remedies Code is a jurisdictional prerequisite to a suit against a governmental unit, not an affirmative defense of limitations.

The Legislature chose the language contained in section 33.004(d). That language is clear. In appropriate circumstances it prohibits third-party designations after the applicable limitations period on the cause of action has expired. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(d). The applicable limitations period had not expired when Energy Transfer filed the motion for leave to designate TxDOT as a responsible third party. Thus, section 33.004(d) does not apply here. TxDOT's immunity under the Tort Claims Act does not affect its responsibility for purposes of the proportional responsibility provisions of Chapter 33. *See In re Mobile Mini, Inc.*, 596 S.W.3d 781, 787.

Texas Rule of Civil Procedure 47 provides the pleading standard for a motion to designate a responsible third party. *In re YRC, Inc.*, 646 S.W.3d 805, 809 (Tex. 2022). "[A] short statement of the cause of action sufficient to give fair notice of the claim involved[.]" Tex. R. Civ. P. 47. Energy Transfer described the specific facts

6

concerning TxDOT's alleged responsibility in their motion for leave to designate TxDOT as a responsible third party. Energy Transfer alleged TxDOT was negligent in that it knew that hundreds of accidents had been reported for the site of the accident but failed to take any protective measures to address the dangerous roadway and traffic conditions, and the accident could have been avoided if TxDOT implemented proper traffic control devices.

Barbosa and Hernandez argued Energy Transfer failed to address any waiver of immunity in their response to Energy Transfer's motion to designate. A responsible third party is "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these." Tex. Civ. Prac. & Rem. Code Ann. § 33.011(6). Thus, an immune person may be a responsible third party for purposes of Chapter 33. *See In re Mobile Mini, Inc.*, 596 S.W.3d at 787. Moreover, if the trial court had found that Energy Transfer failed to plead sufficient facts concerning TxDOT's responsibility, the trial court lacked the discretion to deny the motion for leave to designate without first affording Energy Transfer the opportunity to replead, as Energy Transfer had requested. *See In re YRC, Inc.*, 646 S.W.3d at 810.

7

We conclude the trial court clearly abused its discretion by denying Energy Transfer's motion for leave to designate TxDOT as a responsible third party. Allowing a case to proceed to trial without a properly requested responsible-third-party designation defeats the defendants' right to have the jury determine the proportionate responsibility of all potential responsible parties, requiring a second trial. *Id*. Energy Transfer lacks an adequate remedy by appeal.

We conditionally grant Energy Transfer's petition for a writ of mandamus. We are confident that the trial court will vacate its May 23, 2023, order denying Defendants' Motion for Leave to Designate the Texas Department of Transportation as a Responsible Third Party, and will grant the motion for leave to designate. The writ will issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 26, 2023
Opinion Delivered September 21, 2023

Before Golemon, C.J., Johnson and Wright, JJ.

8